UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
MELVIN L. TINCH,

                Petitioner,

    -against-

STEVEN E. RACETTE,

               Respondent.
---------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 11-CV-04441 (FB)

*Appearances:*

| *For the Petitioner:* | *For the Respondent:* |
|---|---|
| MELVIN L. TINCH | THOMAS J. SPOTA, ESQ. |
| *Pro Se* | District Attorney Suffolk County |
| # 07-A-0698 | BY: ANNE E. OH, ESQ. |
| Cayuga Correctional Facility | Assistant District Attorney |
| 2202 State Route 38A | 200 Centre Drive |
| P.O. Box 1186 | Riverhead, NY 11901 |
| Moravia, NY 13118 | |

**BLOCK, Senior District Judge:**

      Petitioner Melvin Tinch ("Tinch") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent[1] moves to dismiss the petition on the ground that it fails to claim any federal constitutional violation. For the reasons that follow, Tinch's petition is dismissed.

**I.**

      On December 18, 2007, Tinch was convicted, after a jury trial in the County

---

[1] Tinch names Steven E. Racette ("Racette") in the caption of his petition as the "authorized person having custody of petitioner," but does not identify Racette's job title. This is sufficient to identify him as Tinch's custodian and, therefore, the proper named respondent. *See* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). The caption of Racette's responsive memorandum of law identifies him as "Superintendent."

Court of Suffolk County, of Murder in the Second Degree (depraved indifference murder). The crime involved shooting into a crowd of people at a barbeque, killing one man. He was sentenced to a term of imprisonment of 25 to life.

Tinch appealed his conviction to the New York Supreme Court, Appellate Division, Second Department ("Appellate Division"), which unanimously affirmed. *See People v. Tinch*, 898 N.Y.S.2d 511, 512 (2d Dep't 2010). On June 23, 2010, the New York Court of Appeals denied leave to appeal. *See People v. Tinch*, 906 N.Y.S.2d 830 (N.Y. 2010).

Tinch's habeas petition was timely filed on September 12, 2011. *See* 28 U.S.C. § 2244(d)(1). He alleges that (1) there was insufficient evidence to establish his guilt beyond a reasonable doubt; (2) new affidavits provide evidence of his innocence; (3) the trial Court erred in denying his request to charge the jury with the lesser included offense of manslaughter in the second degree; (4) his counsel was ineffective for failing to request a *Dunaway* hearing; (5) his confession should have been suppressed as the product of police coercion and an improperly delayed arraignment; and (6) the sentence was excessive.

With the exception of Tinch's references to newly discovered evidence, his claims were all presented to the state courts on direct appeal. *See Tinch*, 898 N.Y.S.2d at 512.

## II.

### A. Sufficient evidence of guilt

#### 1. The trial evidence

Tinch argues that there was insufficient evidence at trial to prove his guilt beyond a reasonable doubt because (1) the only evidence that he was the shooter was his

2

confession, which was insufficiently corroborated, and (2) assuming he was the shooter, there was insufficient evidence of *mens rea* to support a depraved indifference conviction.

The Appellate Division found that this claim was "unpreserved for appellate review." *Tinch*, 898 N.Y.S.2d at 512. It was therefore decided on an adequate and independent state procedural ground, and is procedurally barred from this Court's habeas review. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

In any event, as the Appellate Division further concluded, the claim lacks merit. Sufficiency of the evidence claims "face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson,* 132 S.Ct. 2060, 2062 (2012) (per curiam). "[W]here the state courts have denied a claim of insufficient evidence on the merits, we may not grant the writ unless we conclude that no reasonable court could have held that any reasonable jury could have read the evidence to establish petitioner's guilt beyond a reasonable doubt." *Garbutt v. Conway*, 668 F.3d 79, 81-82 (2d Cir. 2012). Tinch confessed to firing into the crowd at the barbeque and his confession contained details consistent with eyewitness accounts. The confession was certainly not, as a matter of law, "so incredible that no reasonable juror could believe him." *See United States v. Shulman*, 624 F.2d 384, 388 (2d Cir. 1980). Thus, there was sufficient evidence for a reasonable jury to find that Tinch was the shooter.

With respect to *mens rea*, the jury heard Tinch's confession that he arrived at the scene of the crime and saw "a lot of people in the yard . . . having a barbecue . . . dudes . . . some women and some little kids . . . fifteen or more people." Trial Tr. 472. He then "pointed the [gun] at them and kept shooting until it was empty." Trial Tr. 472. This

3

evidence was sufficient to establish "depraved indifference," which is "best understood as an utter disregard for the value of human life." *People v. Feingold*, 852 N.E.2d 1163, 1168 (N.Y. 2006) (quoting *People v. Suarez*, 844 N.E.2d 721, 730 (N.Y. 2005)). Indeed, firing into a crowd of people is the "quintessential" example of depraved indifference murder. *See Suarez*, 844 N.E. at 730. The evidence was constitutionally sufficient to support the state court's affirmance of the jury's verdict.

## 2. Newly discovered evidence

In his reply to the State's motion to dismiss, Tinch – for the first time – points to four affidavits which describe his whereabouts on the day of the shooting. Although he references these new affidavits under the heading "Ground 1" – his insufficient evidence claim – he refers to them as "newly discovered evidence" and "Rosario material." The Court will treat Tinch's reply as a motion to amend his petition and address the new evidence.

Prior to bringing a claim in a habeas petition, a "petitioner must exhaust the remedies available in state court or demonstrate that 'there is an absence of available State corrective process [or] [that] circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Fama v. Commissioner of Correctional Services*, 235 F.3d 804, 808 (2d Cir. 2000) (quoting 28 U.S.C. § 2254(b)(1)). Tinch has not exhausted his state remedies regarding this newly discovered evidence, nor has he demonstrated the absence of available state corrective process. Nevertheless, the Court may deny an unexhausted claim on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the

4

remedies available in the courts of the State"). "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Thus, Tinch's claim of innocence based on the new affidavits cannot prevail in this forum.

**B. The jury charge**

Tinch next asserts that the trial court erred in denying counsel's request to add manslaughter in the second degree, a lesser included offense of depraved indifference murder, to the jury charge.

In evaluating a habeas petition, the Court is limited to considering violations of federal law. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). While New York law requires that a jury charge include lesser included offenses in certain circumstances, federal law contains no clearly established parallel requirement. *See Beck v. Alabama*, 447 U.S. 625, 638 n. 14 (1980) (expressly declining to consider whether Due Process requires instruction on lesser included offenses in noncapital cases); *Jones v. Hoffman*, 86 F.3d 46, 48 (2d Cir. 1996) ("[A] decision interpreting the Constitution to require the submission of instructions on lesser-included offenses in non-capital cases would involve the announcement of a new rule."). Because the Court cannot announce new constitutional rules in habeas corpus cases, *see Teague v. Lane*, 489 U.S. 288, 316 (1989), and a decision requiring submission of jury instructions on lesser included offenses in noncapital cases would constitute a new rule, Tinch's claim that the trial court violated federal law by omitting a lesser included offense from the jury charge must fail.

**C. Ineffective assistance of counsel**

Tinch contends that he received ineffective assistance of counsel because his attorney failed to request a *Dunaway* hearing to determine whether Tinch's initial seizure by the police was constitutional. *See Dunaway v. New York*, 442 U.S. 200 (1979).

To prevail on his ineffective assistance of counsel claim, Tinch must show: (1) that his attorney's performance fell below "an objective standard of reasonableness" as defined by "prevailing professional norms," and (2) that he was prejudiced by this failure. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and representation is evaluated from "counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Further, prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Tinch cannot prevail on this claim, since the decision not to request a *Dunaway* hearing was reasonable and failed to result in prejudice. As established by testimony at the pretrial *Huntley* hearing – held to determine the admissibility of Tinch's confession, *see People v. Huntley*, 255 N.Y.S.2d 838 (1965) – Tinch confessed to the murder during an arrest for felony drug possession. A police officer saw him in a motor inn parking lot standing at an open car trunk; when Tinch saw the officer, he closed the trunk and started walking briskly away. The officer found this behavior suspicious and asked him to stop. Tinch kept walking and dropped a bag of marijuana onto the ground. The officer then arrested and searched Tinch, and found additional drugs. Based on these facts,

6

the challenge was not likely to be successful. S*ee People v. Greene*, 541 N.Y.S.2d 472, 474 (2d Dep't 1989) ("The defendant's furtive response to seeing the police officers . . . supplied objective credible evidence warranting minimally intrusive conduct of the police officers in approaching and inquiring"). Counsel may have made the reasonable strategic determination that the defenses' energies were better directed elsewhere. Moreover, Tinch has not shown that he was prejudiced by counsel's failure.

**D. Admissibility of the confession**

Tinch further asserts that the trial court erred in determining, following a *Huntley* hearing, that his post-arrest statements to police were voluntary and admissible. Specifically, he argues that his interrogation was coercively long and that his arraignment was improperly delayed.

A confession is inadmissible if it was obtained using "techniques and methods offensive to due process or under circumstances in which the suspect clearly had no opportunity to exercise a free and unconstrained will" or if it was obtained in the absence of adequate *Miranda* warnings. *Tankleff v. Senkowski*, 135 F.3d 235, 241 (2d Cir. 1998) (internal quotation marks omitted); *see also Rogers v. Richmond* 365 U.S. 534, 544 (1961) (the overarching question is "whether the behavior of the State's law enforcement officials was such as to overbear petitioner's will to resist and bring about confessions not freely self-determined"). "No single criterion controls whether an accused's confession is voluntary: whether a confession was obtained by coercion is determined only after careful evaluation of the totality of the surrounding circumstances." *Green v. Scully*, 850 F.2d 894, 901 (2d Cir. 1988). Delay between arrest and arraignment may be a factor to consider. *See*

7

*Delesline v. Conway*, 755 F.Supp.2d 487, 502 (S.D.N.Y. 2010).

Neither the duration of Tinch's interrogation nor the length of time between his arrest and arraignment establish that his statements to police were involuntary. Evidence at the *Huntley* hearing established that Tinch was arrested on March 7, 2006, at approximately 8:13 pm. Police began questioning him regarding the drug arrest at approximately 10:00 pm. Once Tinch told police he had information about a shooting, a homicide detective was called; questioning about the shooting began at approximately 12:20 am. At 5:40 am, Tinch agreed to sign a written statement and give a videotaped interview. After finishing the statement, Tinch went with detectives to the scene of the shooting, reviewed photographs, and drew diagrams. He gave a videotaped interview at approximately 11:25 am. This police questioning was not unnecessarily prolonged. Moreover, Tinch was read his *Miranda* rights multiple times and waived them prior to his written and videotaped confessions. He was offered food, drink and bathroom breaks at reasonable intervals. Although he was not arraigned until the morning of the March 9, there is no indication that this delay was a tactic to induce a confession; in fact, Tinch fully confessed within hours of his arrest. The state court's determination regarding the voluntariness of Tinch's inculpatory statements was therefore not in error.

E. **The sentence**

Finally, Tinch claims that his sentence was unconstitutionally excessive. In a habeas case, "[n]o federal constitutional issue is presented where . . . [a] sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). Tinch does not dispute that his sentence was within the range prescribed by New York law. *See*

New York Penal Law § 70.00.  His sentence therefore cannot be grounds for habeas relief.

**III.**

The Court therefore dismisses Tinch's habeas petition.  The Court further determines that a certificate of appealability will not be issued because Tinch has failed to make a substantial showing of the denial of a federal right.  *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED**.

/s/ Judge Frederic Block
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 14, 2012